IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

KENYA LAKEYSHA HALL,

    Plaintiff,                                         ORDER

    v.                                              26-cv-94-wmc

SHAWANO COUNTY,
SHAWANO SHERIFF'S DEPARTMENT,
SHAWANO COUNTY JAIL, WELLPATH,
and SHAWANO COUNTY COURTS,

    Defendants.

_____

    Representing herself, plaintiff Kenya Lakeysha Hall has filed this civil action against Shawano County, the Shawano Sheriff's Department, the Shawano County Jail, Wellpath, and the Shawano County Courts, and requests a "change of venue" for "2 driving cases" and "2 open criminal cases" pending against her in state court. (Dkts. ##1 and 2.) She has paid the filing fee and submitted an amended complaint. (Dkt. #5.) Pursuant to W.D. Wis. Administrative Order 421, the court is required to confirm subject matter jurisdiction before issuing summons. (Dkt. #4.) The court is unable to do so because the pleadings, as amended, are deficient. Accordingly, the amended complaint will be dismissed with leave to amend for the reasons explained below.

    "Federal district courts are courts of limited jurisdiction; they possess only that power authorized by Constitution and statute." *Smart v. Loc. 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009) (cleaned up). Specifically, Congress has conferred subject matter jurisdiction on the district courts only in cases that raise a federal question

1

and cases in which there is diversity of citizenship among the parties. *See* 28 U.S.C. §§ 1331-32. Because plaintiff and most of the named defendants are based in Wisconsin, diversity is not present, which leaves the federal-question statute as the only basis for jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. *See Bell v. Hood*, 327 U.S. 678, 681-685 (1946). However, if the court determines that it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

In this case, plaintiff appears to invoke jurisdiction under § 1331, but her amended complaint does not contain a "short and plain statement" in support of a colorable federal claim as required by Fed. R. Civ. P. 8(a). To satisfy Rule 8, a plaintiff need not plead the legal elements of each claim, *Zimmerman v. Bornick*, 25 F.4th 491, 493 (7th Cir. 2022), but she must offer more than just "'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Here, plaintiff's amended complaint consists of an assortment of lists of causes of action and disjointed narrative complaints against the named defendants and other individuals not named as parties in the caption, all of which stem from separate incidents and events. The Seventh Circuit has urged district courts to beware of "'scattershot' pleading strategies" by pro se litigants in particular, and has encouraged dismissal of "'omnibus' complaints" raising claims about unrelated conduct against unrelated defendants. *Mitchell v. Kallas*, 895 F.3d 492, 503 (7th Cir. 2018) (citations omitted).

Although pro se litigants are entitled to liberal construction of their pleadings and some "leniency . . . on procedural matters[,]" *Otis v. Demarasse*, 886 F.3d 639, 644 (7th Cir. 2018), they must still comply with procedural rules. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). When a pro se litigant fails to comply, the court "cannot fill the void by crafting arguments and performing the necessary legal research," as this would not promote the court's interest in the uniform administration of justice. *Id*. Because plaintiff has not complied with the Federal Rules of Civil Procedure, the court will dismiss the amended complaint without prejudice.

Likewise, plaintiff's motion to transfer venue of her pending state court proceedings (dkt. #2) must be denied. Federal courts do not have general supervisory authority and may not otherwise intervene in criminal proceedings pending in state court unless there are circumstances that are not apparently present here. *Younger v. Harris*, 401 U.S. 37, 46 (1971).

To proceed, plaintiff must file a second amended complaint that satisfies Rule 8. That amended complaint must also comply with Rule 20 by focusing on a claim or set of claims stemming from one transaction or occurrence that features questions of law and fact that are common to all named defendants. Fed. R. Civ. P. 20(a)(2). Plaintiff must file her amended complaint on the court's complaint form for non-prisoner filers without lawyers, which is available on the court's public website or from the clerk's office. If plaintiff needs any further space to present her claims, she may submit no more than eight supplemental pages which should state her allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

In drafting her amended complaint, plaintiff should be mindful that to state a claim, her pleading must contain "a short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(d). Plaintiff should identify the claims she wishes to allege in the amended complaint but should omit any legal arguments. Plaintiff may join multiple defendants only when her claims against each one "arise from the same set of events and share a common question of law or fact." *Mitchell*, 895 F.3d at 502-03 (citing Fed. R. Civ. P. 20(a)(2)(A)).

If plaintiff files an amended complaint as directed, the court will review it as required by W.D. Wis. Administrative Order 421, to confirm subject matter jurisdiction before issuing summons. (Dkt. #4.) Plaintiff is further advised that while she has paid the filing fee, district courts have authority to review a complaint and dismiss frivolous or transparently defective suits spontaneously even when the plaintiff has paid all fees for filing and service. *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) (citing *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999)).

ORDER

IT IS ORDERED THAT:

1) The amended complaint filed by plaintiff Kenya Lakeysha Hall (dkt. #5) is DISMISSED without prejudice.

2) No later than March 20, 2026, plaintiff must file an amended complaint containing good faith allegations establishing jurisdiction. The court will dismiss

the complaint for lack of jurisdiction if plaintiff does not comply by that deadline.

3) Plaintiff's motion for a change of venue (dkt. #2) is DENIED.

Entered this 2nd day of March, 2026.

                        BY THE COURT:

                        /s/
                        _____
                        WILLIAM M. CONLEY
                        District Judge